Michael F. Welsh, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Charles J. Alberts*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 5, 1979:

Michael F. Welsh appeals from an order of the Unemployment Compensation Board of Review affirming a referee's determination that claimant was ineligible for benefits for certain claim weeks because his unemployment during that period was due to his having been discharged for wilful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Mr. Welsh, who worked for United States Steel Corporation, was discharged in November 1976 for excessive absenteeism and absence without notice. The Board's finding that claimant had a record during 1974 and 1975 of ''excessive and extensive absenteeism and tardiness about which he was warned'' is supported by ample evidence in the record and is not disputed by appellant in the present appeal. The only question he raises is whether his reinstatement to his former position with an eight month probationary period pursuant to a settlement agreement with his employer entered into at a labor grievance arbitration hearing held on July 21, 1977 is conclusive proof that he was wrongly discharged on the basis of wilful misconduct.

Counsel for appellant has chosen to base his argument, as he states, "solely upon the facts without the aid of case law." Unfortunately, no evidence of the reinstatement agreement exists in the record. Furthermore, such evidence would be irrelevant. As the referee correctly pointed out during the hearing, the outcome of the union grievance procedure would not affect the determination of eligibility for unemployment compensation benefits. The purpose of the Unemployment Compensation Law, stated in Section 3, 43 P.S. §752, is to compensate individuals who become unemployed through no fault of their own. Excessive absenteeism and tardiness violative of reasonable standards of conduct that an employer has a right to expect of employees constitutes wilful misconduct. *Woodson v. Unemployment Compensation Board of Review*, 461 Pa. 439, 336 A.2d 867 (1975). An agreement by an employer to reinstate an employee would not change the nature of such conduct.

ORDER

AND Now, this 5th day of July, 1979, the order of the Unemployment Compensation Board of Review, No. B-155118 dated March 20, 1978, is hereby affirmed.