William J. Walter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Patricia Ray,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 24, 1983:

The Unemployment Compensation Board of Review affirmed a referee's denial of benefits to William Walter under Section 402(e) of the Unemployment Compensation Law.[1] Walter appeals. We affirm.

Walter, a maintenance man with General Steel, was discharged for excessive absenteeism and tardiness.

Walter asserts error in the Board's decision because of the pendency of a labor grievance arbitration. This contention is clearly without merit. The outcome of a union grievance procedure has no effect on the determination of eligibility for unemployment compensation benefits. *Welsh v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 53, 402 A.2d 1154 (1979).

The purpose of the Unemployment Compensation Law . . . is to compensate individuals who become unemployed through no fault of their

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). This section provides in pertinent part:

§802. Ineligibility for compensation

An employe shall be ineligible for compensation for any week—

. . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

own. Excessive absenteeism and tardiness violative of reasonable standards of conduct that an employer has a right to expect of employees constitutes [sic] willful misconduct. Woodson v. Unemployment Compensation Board of Review, 461 Pa. 439, 336 A.2d 867 (1975). *An agreement by an employer to reinstate an employee would not change the nature of such conduct.* (Emphasis added.)

*Id.* at 55, 402 A.2d at 1155.

The order of the Unemployment Compensation Board of Review is hereby affirmed.[2]

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-193326 dated March 17, 1981, is hereby affirmed.

---

[2] Even though not challenged by the appellant, we note that the findings of the Board are supported by ample evidence in the record.